Anna Y. Park, CA SBN 164242
Nakkisa Akhavan, CA SBN 286260
Connie K. Liem, TX SBN 791113
Derek Li, CA SBN 1550122
Maurice Neishlos, NY SBN 5639265
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Fl.
Los Angeles, California 90012
Telephone: (213) 785-3080
Facsimile: (213) 894-1301
Email: anna.park@eeoc.gov

Attorneys for Plaintiff
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Martin K. LaPointe, IARDC 6195827
LaPointe Law
1200 Shermer Rd., Suite 425
One Lane Center
Northbrook, Illinois 60062
Telephone: (847) 786-2500
Facsimile: (847) 786-2650
Email:  mlapointe@lapointelaw.com

Attorney for Defendants
AMTCR, INC., AMTCR NEVADA, INC., and
AMTCR CALIFORNIA, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | **Case No. 2:21-cv-01808-JAD (NJK)** |
| Plaintiff, | **CONSENT DECREE AND ORDER** |
| vs. | |
| AMTCR, INC., AMTCR NEVADA, INC., AMTCR CALIFORNIA, LLC collectively dba McDonald's, and DOES 1-10, inclusive | Honorable Jennifer A. Dorsey |
| Defendants. | U.S. District Judge |

CONSENT DECREE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.      INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendants AMTCR, Inc., AMTCR Nevada, Inc., and AMTCR California, LLC (hereinafter collectively "Defendants") hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's Complaint, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").  The Commission alleges Defendants engaged in unlawful employment practices by subjecting Charging Party and other aggrieved individuals to a sexually hostile work environment in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). The Commission further alleges that due to the ongoing sexually hostile and abusive working conditions and Defendants' failure to remedy the harassment, Charging Party was subjected to constructive discharge in violation of Section 703 (a) of Title VII. Defendants deny all claims made by the EEOC in this action and denies any wrongdoing or liability.

## II.     PURPOSES AND SCOPE OF THE DECREE

In the interest of resolving this matter, the Parties have agreed that this Action should be finally settled by entry of this Decree.  This Decree shall be binding on and enforceable against Defendants, as well as their parents, subsidiaries, officers, directors, agents, successors, and assigns.  According to Defendants, there are currently eighteen (18) stores in operation and three (3) recently closed stores, as reflected in the **Exhibit "A,"** attached hereto. For purposes of Monetary Relief and Claims Administration contained in Section IX of this Decree, the scope includes the twenty-one (21) stores listed in Exhibit A. For purposes of Injunctive Relief contained in Sections X and XI of this Decree, the scope is company-wide, and includes all of Defendants' Nevada, California, and Arizona stores in operation at any time during the duration of this Decree and the stores currently in operation listed in Exhibit A, unless otherwise indicated.

The Parties shall bear their own costs and attorney's fees in this Action. The Parties have entered into this Decree for the following purposes:

**A.** To provide appropriate monetary and injunctive relief;

**B.** To ensure that Defendants' employment practices comply with pertinent laws regarding discrimination, harassment, and related retaliation;

**C.** To ensure that Defendants maintain workplaces free of discrimination, harassment, and related retaliation;

**D.** To ensure that Defendants take reasonable steps to prevent and correct discrimination, harassment, and related retaliation;

**E.** To review and update, as necessary, Defendants' policies, practices, and procedures with respect to discrimination, harassment, and related retaliation;

**F.** To review and ensure effective training for Defendants' employees, managers, supervisors, and human resources personnel with respect to the pertinent laws regarding discrimination, harassment, and related retaliation;

**G.** To ensure proper accountability and appropriate and effective handling of complaints of harassment, discrimination and retaliation;

**H.** To ensure appropriate review, recordkeeping, and reporting related to discrimination, harassment, and related retaliation in Defendants' workplaces; and

**I.** To avoid the time, expense, and uncertainty of litigation.

**III.** **DEFINITIONS**

**A.** "Action" is *U.S. Equal Employment Opportunity Commission vs. AMTCR, Inc., AMTCR Nevada, Inc. and AMTCR California, LLC,*

*collectively McDonald's, and DOES 1-10, Inclusive*; Case No. 2:21-cv-01808-JAD (NJK) (D. Nev.)

**B.**   "Claims Administrator" is an independent company responsible for handling administration of the claims process in accordance with this Decree.

**C.**   "Settlement Fund" is the escrow account into which Defendants will cause to be deposited for distribution to yet to be identified claimants who have been determined by the EEOC to be eligible for monetary relief in accordance with the terms of this Decree.

**D.**   "Claim Form" is the form developed by the EEOC and reviewed by Defendants in accordance with this Decree to determine whether a Claimant will be designated as an Eligible Claimant.

**E.**   "Notice of Settlement" is the notice prepared by the EEOC to advise potential Claimants of the settlement, terms of the Decree, and information for submitting a Claim Form.

**F.**   "Distribution List" is the list of Eligible Claimants, the amounts to be paid to each, and the addresses to where payment should be sent.

**G.**   "Eligible Claimant" is an individual who meets all of the following requirements:  (i) is a Claimant who was employed at any of the twenty-one (21) stores listed in Exhibit A at any time during the period January 1, 2017 to the Effective Date of this Decree; and (ii) based on the EEOC's sole discretion, is determined to be eligible for monetary relief from the Settlement Fund.

**H.**   "Potential Claimant" is an individual who may be eligible for monetary relief from the Settlement Fund, but who has not yet been determined to be eligible by the EEOC.

**I.**   "Effective Date" is the date this Decree is entered by the Court.

**IV.   RELEASE OF CLAIMS**

    **A.**    The Parties agree that this Decree completely and finally resolves all allegations raised by the EEOC in its Complaint against all named Defendants in this Action and fully resolves Charge No. 487-2017-01281.

    **B.**    Nothing in this Decree will be construed to limit or reduce any of Defendants' obligations to comply fully with Title VII or any other federal employment statute.

    **C.**    Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendants fail to perform the promises and representations contained herein.

    **D.**    This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate charges that may be in existence or may later arise against Defendants other than claims brought in this Action.

**V.   JURISDICTION**

    **A.**    The Court has jurisdiction over the Parties and the subject matter of this litigation.  *See* 29 U.S.C. § 626(b).  The Action asserts claims that, if proven, would authorize the Court in its discretion to grant the equitable relief set forth in this Decree.  The terms and provisions of this Decree are fair, reasonable, and just.  This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

    **B.**    The Court will retain jurisdiction of this Action for the duration of the Decree for the purposes of entering all orders, modifications, judgments, and decrees that may be necessary to fully implement the relief provided herein.

**VI.    EFFECTIVE DATE AND DURATION OF DECREE**

    **A.**    The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

    **B.**    Except as otherwise provided herein, this Decree will remain in effect for three (3) years after the Effective Date and shall expire by its own terms at the end of the third year after the Effective Date without further action by the Court or the EEOC.

**VII.    MODIFICATION AND SEVERABILITY**

    **A.**    This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

    **B.**    If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties will make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  If any provision of the Decree is rendered unlawful or unenforceable, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

    **C.**    By mutual written agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

**VIII.    COMPLIANCE AND DISPUTE RESOLUTION**

    **A.**    **EEOC Review Regarding Compliance**

Defendants agree that the EEOC may review compliance with this Decree. The EEOC may request from the EEO Monitor, as defined in Section XII.A., a copy of any document received or created by the EEO Monitor as a result of the EEO Monitor's duties as described in this Decree. The EEOC may request from the Claims Administrator, as defined in Section IX.D., a copy of any document received or created by the Claims Administrator as a result of the Claims Administrator's duties as described in this Decree. The EEOC may request that Defendants permit the EEOC to interview employees, including those selected by the EEOC, or inspect Defendants' records. Defendants will comply with any such request to review, interview, or inspect within thirty (30) calendar days of the EEOC's request, unless otherwise agreed by the Parties.

**B.    Non-Compliance**

The Parties expressly agree that if the EEOC has reason to believe that Defendants have failed to comply with any provision of this Decree, the EEOC may initiate a lawsuit in the appropriate Federal Court to enforce this Decree, seeking all available relief, including an extension of the term of the Decree, the EEOC's costs and any attorneys' fees incurred in securing compliance with the Decree, additional monetary relief, additional injunctive relief, and/or any other relief the Court deems appropriate.

Prior to initiating such action, the EEOC will notify Defendants and their legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes Defendants have violated or breached.  Defendants shall have thirty (30) calendar days from receipt of such written notice to attempt to resolve or cure the breach. The Parties may agree to extend this period upon mutual consent. The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

**IX.    MONETARY RELIEF AND CLAIMS ADMINISTRATION**

**A.    Total Settlement Amount**

1.    In settlement of this lawsuit, Defendants shall pay a total of $1,997,500 ("Total Settlement Amount") in monetary relief. The Total Settlement Amount will be distributed to Eligible Claimants, including Charging Party Shawn Sarbacker, in accordance with the terms of this Decree.

2.    The EEOC has full and complete discretion under the terms of this Decree to determine who is an Eligible Claimant and the amount of such payments, as hereinafter described in this Decree.

3.    The Parties agree that the monetary relief amount to each Eligible Claimant will be characterized as non-wage compensation.  Defendants will issue a Form 1099 to each Claimant in the amount of his/her non-wage monetary relief.  No tax withholdings shall be made.  Defendants shall make all appropriate reports to the Internal Revenue Service and other tax authorities. Neither the EEOC nor Defendants make any representations, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that the Charging Party or the Eligible Claimants may or may not incur on such payments under local, state or federal law.

**B.    Initial Distribution List and Payments to  Charging Party and Currently Identified Eligible Claimants**

The EEOC shall provide Defendants with an Initial Settlement Distribution List identifying each currently identified Eligible Claimant, each Claimant's monetary allocation, Charging Party's monetary allocation, and the name and address to which each currently identified Eligible Claimant's settlement check shall be delivered, as well as each Claimant's completed W-9 tax reporting form.

Within ten (10) business days of receiving the EEOC's Initial Settlement Distribution List and tax reporting forms, Defendants shall send a check in the amount specified, via certified mail, to Charging Party and each identified Eligible

Claimant at the address provided. Within five (5) calendar days after mailing any payment to these Eligible Claimants, Defendants shall electronically serve a copy of the checks to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission at anna.park@eeoc.gov and lado.legal@eeoc.gov.

**C.     Settlement Fund for Unidentified Eligible Claimants**

The remaining balance from the Total Settlement Amount in Section IX.A. shall be designated as a "Settlement Fund" to provide compensation to yet to be identified Eligible Claimants that the EEOC determines to be entitled to relief in this action.  Within thirty (30) calendar days of the Effective Date of this Decree, Defendants shall deposit these monies into an interest-bearing escrow account and provide the EEOC with written verification of the funding within ten (10) calendar days thereafter.  The EEOC shall retain sole discretion to determine the allocation of monies from the Settlement Fund to these yet to be identified Eligible Claimants.

**D.     Claims Administration of Settlement Fund**

**1**.     **Claims Administrator's Duties and Responsibilities**

Within thirty (30) calendar days of the Effective Date, Defendants shall hire and appoint a Claims Administrator, approved by the EEOC, to oversee the claims process and payments to yet to be identified Eligible Claimants as directed by the EEOC in the manner provided in this Decree.

The Claims Administrator will work with the EEOC and Defendants to carry out the terms of the Decree.  The Claims Administrator will be responsible for:  (a) establishing, within fifteen  (15) calendar days of being appointed, an escrow account to hold in trust the Settlement Fund and notifying the EEOC and Defendants when the account is established and ready for deposit of the Settlement Fund; (b) receiving and holding the Settlement Fund in trust, until distribution; (c) establishing an informational website accessible to the Parties and Potential Claimants; (d) establishing an email address, mobile phone number, and/or other digital means of contact accessible to Potential Claimants to submit questions and

Claim Forms as defined in this Decree; (e) establishing a toll-free telephone number accessible to Potential Claimants; (f) responding to information requests from Potential Claimants; (g) sending Notices of the Settlement, and Claim Forms to Potential Claimants; (h) obtaining updated addresses for Potential Claimants and re-mailing returned notices; (i) receiving and processing Claim Forms as provided in the Decree; (j) assist with scoring Claim Forms based on criteria provided by the EEOC; (k) receiving documents and information from Potential Claimants to forward to EEOC; (l) sending notices regarding eligibility and monetary allocation to Eligible Claimants; (m) sending notice of ineligibility to Potential Claimants and anyone else determined by the EEOC to be ineligible; (n) issuing payments to Eligible Claimants in accordance with the final Distribution List provided by the EEOC; (o) issuing tax reporting forms to each Eligible Claimant who receives a settlement payment; (p) if necessary, filing tax returns and issuing IRS Form 1099's with respect to the Settlement Fund; (q) communicating as necessary with the EEOC and Defendants; (r) tracking all necessary data regarding contact with Potential and recently identified Eligible Claimants; (s) reissuing checks where required in consultation with the EEOC; (t) final distribution of the Settlement Fund; and (u) if necessary, redistributing any remaining monies from the Settlement Fund to Eligible Claimants at EEOC's sole discretion as provided in this Decree.

## 2.    Claims Administrator's Selection and Approval

If the Claims Administrator initially appointed by Defendants thereafter declines to serve or to carry out its duties under this Decree, Defendants will have ten (10) business days to notify the EEOC in writing of the need for a replacement Claims Administrator and will provide the EEOC with the name of a new Claims Administrator for approval by the EEOC.  If the EEOC objects to the appointment of the new Claims Administrator identified by Defendants, the Parties will meet and confer until they reach mutual agreement on a replacement Claims

Administrator.  In the absence of an agreement of the parties, the EEOC may appoint a Claims Administrator.

### 3.      Claims Administrator's Fees and Costs

Defendants will pay all costs associated with the selection and retention of the Claims Administrator as well as the performance of the Claims Administrator's duties under this Decree.

### 4.      Claims Process and Distribution of Settlement Fund

a.  <u>Website, Email Address, and Toll-Free Telephone Number</u>

Within thirty (30) calendar days after being retained, the Claims Administrator shall: (i) establish a website in English and Spanish which will be accessible to the Parties and potential Claimants; (ii) establish an email address for purposes of communicating with potential Claimants by email; and (iii) establish a toll-free telephone number which will be accessible to potential Claimants in English and Spanish.  The website and/or email address will be set up so that Potential Claimants may obtain and submit a Claim Form either electronically or via U.S. Mail.

Information posted on the website and available on a recorded message on the toll-free telephone number will be limited to the general information included in the Notice of Settlement sent to Potential Claimants or updated information as to status of the claim process (*e.g.*, claim-filing deadline; projected distribution date when known).  The website will provide information regarding the Settlement Fund and how to complete the Claim Form in either English or Spanish. The website shall include an embedded Claim Form in English and Spanish for downloading by potential Claimants. The website shall also explain how potential Claimants can seek assistance in completing the Claim Form.

b.  <u>List of Potential Claimants</u>

Within forty-five (45) calendar days of retaining the Claims Administrator, Defendants will provide the Claims Administrator with a list of all current and former employees who were employed  at any of Defendants' twenty-one (21) stores listed in Exhibit A at any time during the period January 1, 2017 to the Effective Date of this Decree ("List of Potential  Claimants").

For each individual on the List of Potential Claimants, Defendants will provide the following information from its records, to the extent known by Defendants:  (i) full name, including all known prior names or aliases; (ii) last known address; (iii) date of birth; (iv) Social Security number; (v) employee identification number, if any, and if different from the employee's Social Security Number; (vi) last known telephone numbers; (vii) last known email addresses; (viii) dates of employment at any of the Defendants; and (ix) any relevant documents or information related to the claims for the EEOC to consider.

c.  <u>Notice of Settlement and Claim Form</u>

After the Claims Administrator is retained, the EEOC will provide the Claims Administrator with the following forms: (i) Notice of Settlement, and (ii) Claim Form.  The EEOC will afford Defendants an opportunity to provide input on the Notice of Settlement and Claim Form before issuance to Potential Claimants, but the EEOC will make the final determination regarding the form and contents of these documents.

d.  <u>Mailing Notice of Settlement and Claim Form</u>

Upon receipt of the List of Potential Claimants from Defendants, the Claims Administrator will first utilize available resources including a database search to update email addresses and mailing addresses. Using the updated mailing addresses, the Claims Administrator will send via U.S. Mail the Notice of Settlement, the Claim Form, and a return envelope addressed to the Claims Administrator to each Potential Claimant.  Moreover, the Notice and the Claim

Form will also be sent via electronic mail at the earliest possible date, but no later than twenty-eight (28) calendar days after the Claims Administrator receives the final Notice of Settlement and Claim Form from the EEOC.  Within ten (10) calendar days of issuance, the Claims Administrator will provide the EEOC with a List of the Potential Claimants who were sent a Notice of Settlement and Claim Form via U.S. Mail and/or electronic mail.

### e.  Return Mail Handling

For each mailing to a potential Claimant that is returned as undeliverable, the Claims Administrator shall, within ten (10) calendar days:  (i) research the potential Claimant's most-recent address, using best efforts and a database search to locate the potential Claimant; and (ii) resend the Notice of Settlement, Claim Form, and cover letter to the new or different address if a new or different address is obtained, or (iii) advise the EEOC of the efforts taken to locate the potential Claimant if no new or different address is obtained. The Claims Administrator will make no more than two (2) attempts to locate a potential Claimant whose mailing is returned as undeliverable and in no event will any re-mailing of the Notice of Settlement and Claim Form occur more than six (6) months later than the Effective Date unless the EEOC determines a second round of mailings is needed to advance the interest of the terms of this Decree.

### f.  Claim Form Filing Deadline

Potential Claimants who believe they are entitled to monetary relief from the Settlement Fund may submit a completed Claim Form within one hundred and twenty (120) calendar days after receipt of the Notice of Settlement and the Claim Form via U.S. Mail and/or electronic mail. If a re-mailing was necessary, the Potential Claimant may submit a completed Claim Form within one hundred and twenty (120) calendar days after receipt of the re-mailed Notice of Settlement and the Claim Form via U.S. Mail.  Returned Claim Forms postmarked or submitted electronically to the Claims Administrator within these periods will be considered

timely.  However, Claim Forms that are received after the aforementioned time periods may be considered by the EEOC at its sole discretion.

g.  Evaluation of Claim Forms

The EEOC shall create the general criteria for scoring claims made through completed Claim Forms. The EEOC has sole discretion in determining the criteria, eligibility, and monetary relief amounts for all potential Claimants. In order to determine each potential Claimant's eligibility, the EEOC will consider factors including, but not limited to, the length of employment, frequency and severity of experiences at work, and timeliness.  Defendants agree that the EEOC's determination of these issues is final.

Within one-hundred and eighty (180) calendar days after the initial mailing and/or remailing of the Notice of Settlement and the Claim Form, the Claims Administrator will electronically provide to the EEOC all of the returned and completed Claim Forms and accompanying information submitted by each Claimant for the EEOC's use in assessing who is an Eligible Claimant. The Claims Administrator will receive, track, and hold all documents, submitted by mail, in person, or electronically, and will provide to the Parties access to all documents related to the claims process.

h.  Distribution Lists from EEOC

The EEOC shall subsequently provide the Claims Administrator with one or more lists of Eligible Claimants including their names, current addresses, the amount to be paid to each, the classification of such amounts to be paid, and any additional relevant identifying information ("Distribution List"). The EEOC, based upon the claims process, will submit subsequent Distribution Lists. The EEOC also will provide the Claims Administrator with a Notice of Ineligibility for any potential claimants whom the EEOC determines are not eligible for payments from the Settlement Fund.  The Claims Administrator will share the Distribution Lists

and the list of Claimants who are not eligible for payments from the Settlement Fund with all Parties.

i.   Notices to Claimants

Upon receiving the list of Eligible and Ineligible Claimants from the EEOC, the Claims Administrator will mail to each Eligible Claimant on the EEOC's approved Distribution List(s) a Notice of Eligibility with the Claim Share Amount. To each Claimant determined to be ineligible, the Claims Administrator will mail a Notice of Ineligibility.

j.   Payment to Eligible Claimants

Within twenty (20) calendar days from the receipt of any and all Distribution List(s), as well as completed W-9 tax reporting forms for all Eligible Claimants, from the EEOC, the Claims Administrator shall issue checks from the Settlement Fund to the Eligible Claimants identified, in the amount allocated for each Eligible Claimant, and at the addresses provided in the EEOC's Distribution List(s).

Within five (5) calendar days after mailing any payment to Eligible Claimants, the Claims Administrator shall electronically submit a register or copy of the checks to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission at anna.park@eeoc.gov and lado.legal@eeoc.gov.

k.   Returned and/or Uncashed Checks

On a quarterly basis throughout the duration of this Decree, the Claims Administrator shall provide the EEOC with a copy of each cancelled check electronically, and identify any check not negotiated and/or returned non-negotiated.  The Claims Administrator shall notify the EEOC on a quarterly basis of the remaining amount of Settlement Funds.

For any checks that are returned as undeliverable, the Claims Administrator shall attempt to find an updated address and will provide the EEOC with the name, last known address, date of birth, and social security number of the Eligible Claimant.  If an updated address can be found, the check will be re-mailed via

Certified Mail.  If an Eligible Claimant fails to present his or her check after ninety (90) calendar days of it being issued, the Claims Administrator will provide the EEOC with the name, last known address and date of birth of the Eligible Claimant, and the EEOC may make additional efforts to locate the Eligible Claimant.  If any unclaimed monies in the Settlement Fund remain undistributed after exhausting these efforts to locate the Eligible Claimants after issuing a final Distribution List, the EEOC and Defendants will confer to designating any remaining monies to be put into a cy pres fund.  The monies to a cy pres fund will be distributed to a non-profit organization serving victims of sexual harassment and/or sexual assault or battery. The EEOC shall approve the cy pres designee prior to distribution.

l.   <u>Unaccepted Eligible Claimants' Shares</u>

If an Eligible Claimant does not subsequently accept or negotiate the check in a timely manner, the Eligible Claimant will be deemed to have rejected the claim share.  However, the EEOC may request to re-issue checks for good cause including, but not limited to, circumstances outside of the Eligible Claimants' control.  The Eligible Claimants' monetary allocation deemed to be rejected under this subsection may be re-distributed, as determined by the EEOC.

Within ninety (90) calendar days from the mailing of the last check on EEOC's last Distribution List, the Claims Administrator will provide the EEOC and Defendants an accounting of the monies remaining from the Settlement Fund. Defendants have no standing to challenge the EEOC's distribution determinations, which are entirely in the discretion of the EEOC.

m. <u>Cooperation</u>

The Parties will work together to ensure that the distribution, including reissuing checks should that be required, is effectively carried out under the Decree. In the event that any extension of claims-related deadlines become necessary, the Parties' agreement to extend any deadline(s) shall be in writing.

**X.   CLAIMANT SPECIFIC INJUNCTIVE RELIEF**

**A.**   If Defendants maintain records regarding the underlying charge of discrimination or records relating to any Claimant's involvement in this Action for purposes of complying with this Decree, such records must be maintained separately from the Claimants' personnel file.

**B.**   In the event Defendants receive a request for a job reference for the Charging Party and/or any Claimant, such job reference shall be (1) neutral, and (2) limited to dates of employment and position(s) held.

**C.**   Defendants shall reclassify the termination of any Eligible Claimant(s) to voluntary resignation if the claimant has been identified by the EEOC as having been subjected to discriminatory discharge (based on a list provided by the EEOC).

**D.**   Defendants shall ensure that Eligible Claimants are not prohibited from re-employment with Defendants, other than for non-discriminatory and non-retaliatory reasons.

**XI.   GENERAL INJUNCTIVE RELIEF**

**A.   Non-Discrimination**

Defendants, their officers, agents, management (including all supervisory and lead employees, General/Store Managers and above), human resources personnel, successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from: (1) engaging in unwanted verbal, physical, or any other kind of conduct of a sexual nature; (2) engaging in sexual harassment in the workplace; (3) engaging in or being party to any action, policy, or practice that discriminates and/or creates a hostile or abusive work environment on the basis of sex; and (4) creating, facilitating, or permitting the existence of a work environment that is hostile to employees on the basis of sex.

**B.**    **Anti-Retaliation**

Defendants, their officers, agents, management (General/Store Managers and above, including all supervisory and lead employees), human resources personnel, successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in, implementing, or permitting any action, policy, or practice that adversely affects and/or creates a hostile or abusive work environment towards any current or former employee because he/she has in the past, or during the term of this Decree:

        1.    Opposed any practice made unlawful under Title VII's prohibition on discrimination or harassment based on sex;

        2.    Filed a charge of discrimination with the EEOC alleging such practice based on sex;

        3.    Testified or participated in any manner in an internal or external investigation or proceeding relating to any claim of a violation of Title VII's prohibition on discrimination or harassment based on sex;

        4.    Been identified as an Eligible Claimant with respect to this Action;

        5.    Asserted any right under this Decree; or

        6.    Sought and/or received any relief in accordance with this Decree.

**XII.**    **SPECIFIC INJUNCTIVE RELIEF**

**A.**    **Equal Employment Opportunity Monitor**

Within thirty (30) calendar days after the Effective Date, Defendants shall retain a third-party EEO Monitor, approved by the EEOC, with demonstrated experience in the areas of preventing and combating sexual harassment, and/or related retaliation. The EEO Monitor shall have access to documents and

employees and shall monitor Defendants' compliance with applicable laws and the provisions of this Decree.  Defendants shall bear all costs associated with the selection and retention of the EEO Monitor and the reasonable costs associated with the performance of the EEO Monitor's duties.

The EEO Monitor's duties shall include:

1. Conducting audits under Section B below, to identify existing deficiencies in Defendants' response to complaints of sexual harassment, sex-based discrimination or retaliation and to determine whether sexual harassment, sex-based discrimination or retaliation exists at Defendants' worksites;

2. Tracking and evaluating all information received by Defendants regarding alleged sex-based discrimination, harassment, or retaliatory conduct;

3. Reviewing documents relating to complaints of sex-based discrimination, harassment or retaliation, and any documents related to the investigation or resolution of such complaints to ensure that Defendants are responding to such complaints by conducting prompt, thorough and impartial investigations;

4. Ensuring that all complaints of sex-based discrimination, harassment and/or retaliation are documented and properly handled, whether they are formal or informal complaints;

5. Reviewing all disciplinary actions taken in response to complaints of sex-based discrimination, harassment, and/or retaliation to ensure that discipline is consistent in preventing and correcting the conduct as required under this Decree and Title VII;

6. Ensuring centralized tracking and monitoring of complaints of sex-based discrimination, harassment, and/or retaliation;

7. Ensuring that Defendants' policies and procedures relating to sex-based discrimination, harassment, and retaliation are effective and fully comply with Title VII and all terms set forth in this Decree, as described in Section C below;

8. Reviewing and guiding Defendants on the best ways to effectively communicate complaint mechanisms in place to employees and to ensure that Defendants are tracking and handling complaints promptly and effectively;

9. Ensuring that Defendants' trainings regarding sex-based discrimination, harassment, or retaliation are effective, especially with respect to training of managers and human resources employees, and provide guidance or feedback if additional or revised training is needed;

10. Ensuring proper accountability measures are implemented and that Defendants properly interface with a) employees who have made sex-based discrimination complaints are not subjected to retaliation, and b) any alleged perpetrators/harassers so as to ensure that proper preventative and corrective measures were taken;

11. Reviewing and evaluating the disciplinary scheme to ensure that preventative and corrective measures are consistently and properly implemented;

12. Reviewing and evaluating any changes to proposed discipline flowing from an investigation, and report to the EEOC the Monitor's evaluation of the changes;

13. Assisting Defendants with developing and implementing a system to ensure accountability and EEO compliance  by managers, supervisors and human resource personnel regarding potential sexual harassment, sex discrimination, and retaliation;

14.  Assisting Defendants with implementing mechanisms for bottom-up feedback from employees to managers, in a manner that encourages and solicits feedback regarding sexual harassment, sex discrimination, retaliation and the inclusivity of Respondent's culture for individuals of all genders, as described in this Decree;

15. Providing Defendants with feedback on the three (3) reports to the EEOC for the duration of the Decree regarding Defendants' progress and compliance

under this Decree (Prior to submission, Defendants shall provide the EEO Monitor with confirmation and any underlying related documents for review, verification, and approval of the reports' accuracy.);

16. Ensuring that Defendants' reports required by this Decree are accurately compiled and timely submitted;

17. Ensuring the retention and maintenance of any complaints; documents or records relating to investigations required by this Decree;

18. Ensuring the distribution of any documents as required by this Decree; and

19. Measuring and monitoring the timeliness and effectiveness of investigations into complaints of discrimination, harassment, and/or retaliation.

With respect to the Defendants' duties and obligations under this Decree that have not been delegated to the EEO Monitor, the Parties recognize that La Pointe Law has been appointed to fulfill those duties and obligations for Defendants.

**B.** **Compliance Audits**

### 1. Audit of McDonald's Stores in Nevada, Arizona, and California

For all of Defendants' stores currently in operation during the term of this Decree, the EEO Monitor shall evaluate Defendants' investigations of any reports of sexual harassment and/or retaliation in Defendants' store locations including, but not limited to, providing guidance to Defendants related to employee interviews, reviewing documents and recommending corrective measures and/or preventative steps for any unresolved complaint(s). The EEO Monitor shall identify appropriate preventative steps to avoid reoccurrence of the same or similar issues identified through audits in the other stores. Defendants may follow the EEO Monitor's recommendation or suggest a good faith alternative resolution.  The EEO Monitor shall review and evaluate Defendants' investigative findings and recommendations

1  and provide feedback, if necessary, prior to finalizing the investigation and taking

2  any action.

3          **2.**     **Annual Audits**

4        On an annual basis throughout the duration of this Decree, the EEO Monitor

5  shall conduct at least two (2) unannounced visits, between the hours of 2:00 pm and

6  4:00 pm on a weekday or an alternative time to be worked out with the EEO

7  Monitor at any of Defendants' stores currently in operation during the term of this

8  Decree to interview current and prospective employees and a) assess whether sex-

9  based discrimination, harassment, and/or retaliation issues are properly being

10  addressed, b) assess whether the mechanisms implemented pursuant to this Decree

11  are effective, c) assess whether the trainings are effective, and d) to identify areas

12  for improvement. When seeking employee input, the EEO Monitor will meet

13  employees outside the presence of management and/or supervisors, and without any

14  management or supervisors' advance knowledge of the audit.

15        The EEO Monitor shall audit the effectiveness of the handling of complaints

16  of sex-based discrimination, harassment, and retaliation to assess whether

17  corrective and preventative measures that were taken are effective by Defendants.

18  The EEO Monitor shall audit and review all complaints to ensure they are properly

19  documented and tracked, and that the investigations are properly conducted. The

20  Monitor shall also audit the disciplinary scheme and provide feedback to

21  Defendants on whether any changes are needed to ensure accountability and

22  consistency.

23        The EEO Monitor will also review the complaints that are made including

24  the Complaint Log described in this Decree and report on a semi-annual basis to the

25  EEOC regarding Defendants' implementation of the Complaint Log and the proper

26  tracking and handling of the complaints. The EEO Monitor will assess whether

27  employee sex-based discrimination and/or harassment complaints  are accurately

28  recorded and addressed. The EEO Monitor shall have access to all records

including underlying investigations into complaints of sex-based discrimination, harassment, and/or retaliation, and shall have access to employees, if necessary, to conduct interviews with employees of the EEO Monitor's choosing.

During these annual unannounced audits, the EEO Monitor shall also ensure that managers and supervisors are held accountable and to encourage employees to report suspected sex-based discrimination, harassment and/or retaliation. To seek employee input, the audits will be conducted outside the presence and knowledge of managers and/or supervisors. If the audit responses indicate potential misconduct that may be in violation of Defendant's policies that prohibit sex-based discrimination, harassment, and/or retaliation, the EEO Monitor will provide notice to the Defendants to take properly investigative steps and address the issue.

### 3.    Climate Surveys

Within one-hundred and twenty (120) calendar days of the Effective Date, and annually thereafter, the EEO Monitor shall send EEOC-approved Climate Surveys in English and Spanish, to all current supervisory and hourly employees of Defendants via electronically or otherwise to ensure the most effective means to administer the surveys and to receive a response. The Climate Surveys will allow employees to respond anonymously in order to assess whether sex-based discrimination, harassment, and/or retaliation exists in the workplace and the effectiveness of Defendants' responses.

Defendants also agree to provide the same Climate Survey to all employees upon termination or end of their employment. The Climate Surveys shall be reviewed by Defendants and the EEO Monitor. Defendants will take prompt and effective remedial action, with input from the EEO Monitor, in response to any Climate Survey responses indicating that sexual harassment and/or a sexually hostile work environment are occurring. The EEO Monitor will report on the status of the climate surveys and issues not properly addressed.

## C.     Policies and Procedures

### 1.     Workplace Policies and Procedures

Within sixty (60) calendar days of the Effective Date, Defendants shall review their existing policies and procedures regarding sex discrimination, sexual harassment, and/or related retaliation ("Workplace Policies and Procedures"), and revise them if needed to ensure that throughout the duration of this Decree, they include:

  a.     A strong and clear commitment to a workplace free of sex-based discrimination, harassment, and/or related retaliation;

  b.     A clear and comprehensive description of sex-based discrimination, harassment, and/or related retaliation, including a discussion of the meaning of the phrase "hostile work environment" and "retaliation" under Title VII and examples of prohibited conduct and conduct which, if left unchecked, may rise to the level of unlawful discrimination, harassment, or related retaliation;

  c.     A statement that Defendants shall hold all employees accountable for engaging in conduct prohibited under applicable laws regarding sex-based discrimination, harassment, and/or related retaliation or this Decree, including but not limited to failing to take prompt appropriate action to redress sex-based discrimination, harassment, and/or related retaliation in the workplace, and a description of the consequences for those that fail to adhere to reporting procedures;

  d.     A statement that persons who complain about sex-based discrimination or harassment they experienced or witnessed and persons who provide information relating to such complaints will not be subjected to retaliation;

-24-                                    CONSENT DECREE

e.   A statement affirming that Defendants' anti-harassment policies include same sex harassment;

f.   A policy regarding workplace relationships that, consistent with applicable law, discourages and/or prohibits the formation of sexual and romantic relationships between supervisors and/or managers and any employees who report to them, directly or indirectly, and requires the disclosure of other sexual and romantic relationships between employees to Defendants so that appropriate measures can be taken to avoid the existence or appearance of sexual and/or romantic favoritism and *quid pro quo* sexual harassment in the workplace

g.   A statement that Defendants' harassment policies protect all employees, including temporary hourly employees, against workplace harassment committed by other employees and third party customers;

h.   An internal complaint procedure applying to the workplace and all work-related events that provides all employees with multiple reporting options for complaints of sex-based discrimination, harassment, and/or related retaliation, as described in this Decree;

i.   An explanation that the internal complaint procedure does not replace the right of any employee to file a charge or complaint of sex-based discrimination, harassment, and/or related retaliation under any available municipal, state, or federal law, and that filing an internal complaint does not relieve the complainant of meeting any deadline for filing a charge of discrimination; and

1        j.      The procedures will provide contact information for state and

2            local Fair Employment Practice (FEP) agencies and the EEOC

3            toll-free complaint line at (800) 669-4000.

4      Prior to implementation and distribution to employees, supervisors,

5  managers, and human resources personnel, Defendants shall submit the revised

6  workplace policies and procedures to the EEO Monitor for his/her feedback and

7  final approval. Defendants agree to submit to the EEOC any revisions to their

8  Workplace Policies and Procedures addressing this section of the Decree at least

9  thirty (30) calendar days prior to the proposed change.

10          **2.**      **Internal Complaint Investigation Procedure**

11      Within sixty (60) calendar days of the Effective Date, Defendants shall

12  review their Internal Complaint Investigation Procedure and make any revisions to

13  ensure that it incorporates the following elements:

14        a.      A statement encouraging employees to ask questions, share

15            concerns, and provide information about potential sex-based

16            discrimination, harassment, and/or related retaliation to

17            Defendants, such as by (i) sharing information with the Human

18            Resources Department, the EEOC, and or state local agency, or

19            (ii) participating candidly in investigations of potential

20            discrimination, harassment, or related retaliation;

21        b.      A clearly described process for submitting complaints of sex-

22            based discrimination, harassment, and/or related retaliation that

23            includes multiple avenues for employees to lodge complaints of

24            sex-based discrimination, harassment, and/or related retaliation

25            verbally or in writing, including (i) a direct toll-free phone

26            number and email address for Defendants' Human Resources

27            Department; (ii) a telephone complaint Hotline that Defendants

28

will track pursuant to this Decree; and (c) notifying any manager or Human Resources representative;

c.   A clearly described process for a prompt, thorough, and impartial investigation of all complaints of sex-based discrimination, harassment, or related retaliation by Defendants, including (i) interviewing relevant witnesses, (ii) review of relevant evidence; and (iii) creation of written investigative reports that document all investigatory steps, any findings and conclusions, and any actions taken, and including all complaints, notes of interviews, and other relevant evidence;

d.   An assurance that no complainant shall be required to confront his or her alleged harasser and that the confidentiality of the complaint, complainant, and investigation shall be maintained to the fullest extent possible;

e.   Tracking and collection of all complaints of sex-based discrimination, harassment, and/or related retaliation in the Complaint Log;

f.   Resolution of all complaints of sex-based discrimination, harassment, and/or related retaliation by Defendants in a timely and effective manner, including communication with complainant of the outcome of the investigation; and

g.   A requirement that any employee in a manager, supervisory, or Human Resources managerial position document and report any and all observations or complaints of potential sex-based discrimination, harassment, or related retaliation to Defendants' Human Resources Department promptly but no later than within seventy-two (72) hours, and that failure to carry out this duty is

grounds for disciplinary action, up to and including immediate discharge.

Prior to implementation and distribution to employees, supervisors, managers, and human resources personnel, Defendants shall submit the revised internal complaint procedure to the EEO Monitor for his/her feedback and final approval. Defendants agree to submit to the EEOC any revisions to the internal complaint procedure addressing this section of the Decree at least thirty (30) calendar days prior to the proposed change.

### 3.    Distribution of Workplace Policies and Procedures

Within ninety (90) calendar days of the Effective Date and after receiving final approval from the EEO Monitor, Defendants shall disseminate a hard copy of any revised Workplace Policies and Procedures, in English and Spanish, to all employees.  During the term of the Decree, Defendants shall disseminate a copy of these policies and procedures to all current employees on at least a semi-annual basis via electronic mail or hard copy.  Newly hired employees shall receive a hard copy of these Workplace Policies and Procedures immediately upon hire. Defendants shall include in its annual reports to the EEOC, an annual confirmation of the various methods by which Defendants make their policies and procedures accessible to their employees, including Spanish-speaking employees.

**D.**    **EEO Training**

Prior to the implementation and distribution of any and all training materials under this Decree, Defendants shall obtain feedback for effectiveness and final approval of such materials from the EEO Monitor.

### 1.    Compliance and Workplace Harassment Prevention Training for Hourly Employees

Within one-hundred and eighty(180) calendar days after the Effective Date and with the approval of the EEO Monitor, Defendants shall initiate  training sessions for all hourly  non-supervisory employees assigned to any of Defendants'

stores currently in operation during the term of this Decree. Defendants may conduct these training sessions through online recorded training programs, or through remote training sessions, either live or recorded, using methods such as Zoom or WebEx. These training sessions shall be conducted on an annual basis for the duration of the Decree. After the on-line training session, there will be an interactive in-person session to allow each employee an opportunity to ask questions. The interactive session will be facilitated by management or human resources representative where the employee can ask questions and be given an information sheet that has a) a description of what constitutes sexual harassment, b) information about the Defendants' EEO complaint procedures, c) the prohibition of retaliation; and d) the names and contact information of persons to submit questions or complaints if they are not comfortable doing so at the in person session. The first year's training sessions shall be completed within two hundred and forty (240) days after the Effective Date.

The training under this section shall cover:

      a.    what constitutes unlawful sex-based discrimination, harassment, and/or related retaliation with examples;

      b.    employees' and employers' rights and responsibilities if they experience, observe, or become aware of conduct that they believe may be discriminatory, harassing, or retaliatory, based on sex, including the responsibility of managers and/or supervisors to report such conduct to Human Resources personnel;

      c.    a component on bystander intervention, including examples of how to effectively intervene as a bystander;

      d.    Defendants' Workplace Policies and Procedures and Internal Complaint Procedure;

      e.    contact information for Human Resources and the Hotline;

f.   a statement emphasizing that harassment prevention, maintaining a respectful workplace, and diversity are high priorities for Defendants and that Defendants are committed to accountability and safety of their workforces;

g.   a statement confirming Defendants' commitment that harassment prevention, civility, and maintaining a respectful, diverse, and safe workplace are top priorities; and

h.   methods to prevent sex-based harassment and bullying in the workplace.

All newly hired employees under Section VII.D.1 shall complete the initial online training and follow-up interactive session within sixty (60) days of their hire date during the duration of the Decree. Defendants' President/Owner Abe Martinez III shall also take this online training.

Anonymous course evaluation surveys for attendees to complete shall be solicited at each training session and copied to the EEO Monitor to examine the effectiveness of the training.  The EEO Monitor will review the anonymous evaluation forms and make any appropriate recommendations for improving subsequent training sessions to Defendants.

2.   **Human Resources/Manager Training**

Within one hundred and twenty (120) calendar days after the Effective Date and with the approval of the EEO Monitor, Defendants shall initiate separate live training sessions for all Human Resources managers and supervisors assigned to any of Defendants' stores currently in operation during the term of this Decree. This includes HR personnel, managers, supervisors assigned to the Kingman, Arizona office and any other employees who are responsible for investigating complaints of sex-based discrimination, harassment, and/or related retaliation. Defendants may conduct these live training sessions online through live remote methods such as Zoom or WebEx. These training sessions shall: a) be at least two

(2) hours in duration; b) be conducted on an annual basis for the duration of the Decree; and c) have an interactive component with a question and answer session toward the end.  The first year's training session shall be completed within one-hundred and eighty (180) days after the Effective Date.

These training sessions shall be recorded, and all newly hired human resources personnel, managers, supervisors, and employees described above in Section VII.D.2, shall complete the recorded session of such training including the recorded question and answer portion of the training, within sixty (60) days of their hire date for the duration of the Decree.

The training under this section shall include role playing and emphasize accountability of management and documenting and reporting complaints of discrimination, harassment, and/or retaliation. This training shall also include examples and interactive materials to properly identify what constitutes sex-based discrimination, harassment, and/or related retaliation and emphasize:

    a.    the affirmative obligation for managers and supervisors to report and to take appropriate action;

    b.    the duty to promptly report potential sex-based discrimination, harassment, and/or related retaliation;

    c.    the need to thoroughly document sex-based harassment and discrimination complaint investigations, including taking and retaining notes of interviews conducted for those investigating complaints;

    d.    types of preventative and corrective measures and how to determine whether the action proposed is reasonably calculated to prevent or end sex-based harassing conduct; and

    e.    post-investigation procedures for evaluating the work environment after receiving a complaint from an employee or third-party.

For human resources personnel and any other employees who are responsible for investigating sex-based discrimination, harassment, and related retaliation complaints, the training shall also include instruction on how to properly investigate such complaints, including the proper scope of the investigation.

### 3. Requirements for All Training Sessions

All trainings described in this Section shall occur on an annual basis and are mandatory for the duration of this Decree. Training sessions shall be in English and Spanish where necessary for Spanish-speaking employees. All trainings and training materials shall be provided in English or Spanish, whichever language is commonly understood by Defendants' employees.

All persons shall verify their attendance in writing or through an electronic confirmation. Defendants shall maintain copies of training sign-in sheets and/or electronic records demonstrating attendance for the duration of this Decree.

Defendants agree to work with the EEO Monitor to develop the training curriculum and obtain approval from the EEO Monitor.  During the sessions, examples of prohibited conduct shall be given and tailored to Defendants' workplace.  For live online/remote training, Defendants shall leave time for question and answer periods at the conclusion of each training.

All employees will be paid their normal rate of pay for attending the training sessions.

Defendants shall give the EEOC and the EEO Monitor a minimum of twenty (20) calendar days advance written notice of the date, time, and location of each group live training session provided pursuant to this Decree. An EEOC representative or the EEO Monitor may attend any live training upon request by the EEOC or the EEO Monitor.  The EEOC and the EEO Monitor shall review training materials proposed and/or used upon request in order to provide feedback.

**E.    Centralized Tracking and Complaint Log**

Within thirty (30) calendar days of the Effective Date, Defendants shall confirm to the EEOC the creation and implementation of a centralized tracking system or Complaint Log for all formal and informal complaints regarding sex-based discrimination, harassment, and/or related retaliation and the ongoing evaluation of such complaints to prevent retaliation.  During the term of this Decree, Defendants will maintain a complaint database containing information related to complaints regarding sex-based discrimination, harassment, and/or related retaliation that will be shared with the EEO Monitor. The complaint database is and will remain searchable by name of individual(s) and by location(s) of alleged misconduct, and contains and will contain, for each complaint or investigation of sex-based discrimination, harassment, and/or related retaliation, at least the following information:

      1.    full name, contact information, and sex-based of each complainant and potential aggrieved individual;

      2.    full name and sex-based of any persons allegedly involved (including but not limited to those identified as potential perpetrators);

      3.    a description of how Defendants learned of the complaint (i.e., whether made to a manager, human resources employee, or via the Hotline), and the date the complaint was reported;

      4.    date each investigation began and was completed;

      5.    type of sex discrimination, sex harassment, and/or related retaliation complained of, reported, or investigated;

      6.    type of complaint or type of adverse employment action allegedly involved (e.g., "harassment," "failure to hire," "failure to promote," "demotion," "failure to schedule/assign," "termination," etc.);

7.    name and title of person(s) who conducted each investigation;

8.    description of action taken in response to the charge, complaint, report, or investigation;

9.    resolution, or decision made, regarding each complaint made and each investigation conducted; and

10.   status of each complaint or investigation reflected in the database (such as "open," "pending," "closed," etc.).

The Complaint Log shall be maintained throughout the entire duration of the Decree and produced to the EEOC on request.

**F.    Performance Evaluations**

Defendants agree to develop and implement a system for holding regional managers, store managers, and assistant store managers who oversee or supervise any of Defendants' stores accountable for failing to comply with Title VII, and Defendants' anti-discrimination, anti-harassment, and anti-retaliation policies and procedures. Defendants may also use incentives to ensure EEO compliance by supervisors and managers. Within one-hundred and eighty (180) calendar days of the Effective Date, Defendants agree to provide the EEO Monitor with the proposed written measures in order to provide an opportunity for comment regarding the measures before implementation.  Once the measures have been finalized and approved by the EEO Monitor, they will be sent to the EEOC within fifteen (15) calendar days. Any revisions to these measures during the duration of the Decree will also be sent to the EEOC within fifteen (15) calendar days.

**G.    Toll Free Hotline**

Within thirty (30) calendar days of the Effective Date, Defendants shall confirm the creation and implementation of a current toll-free bilingual hotline for any Spanish or English-speaking employee to report complaints of sex and/or gender discrimination, harassment, and/or related retaliation ("Hotline"). The

Hotline shall operate seven (7) days per week, twenty-four (24) hours per day.  The Hotline shall offer the option to employees to make an anonymous complaint.  The EEO Monitor shall ensure that all Hotline inquiries, and response times are tracked and logged by Defendants in the Complaint Log described in this Decree.

On an annual basis during the entire duration of this Decree, Defendants shall disseminate the Hotline number and related information to all employees in English and Spanish, and encourage them to report incidents of workplace harassment, discrimination, and/or related retaliation.  Defendants shall notify newly hired employees about the Hotline in English and Spanish no later than within five (5) days of hire.

**H.      Posting of Notice of Settlement**

Within ten (10) calendar days after the Effective Date and throughout the term of this Decree, Defendants shall post in both English and Spanish, a full-sized copy of the Notice of Settlement attached as **Exhibit "B,"** which sets forth many of the terms of this Decree in clearly visible locations frequented by their employees (i.e. break rooms or bulletin boards with other employee notices). The notice shall be posted at Defendants' eighteen (18) currently open stores listed in Exhibit A. The notice shall remain posted for the entire duration of this Decree.

**I.      Recordkeeping**

Within sixty (60) calendar days after the Effective Date of this Consent Decree, Defendants shall review with the EEO Monitor its record-keeping procedure that provides for the centralized tracking of sex-based discrimination, harassment, and/or related retaliation complaints and the ongoing evaluation of such complaints to prevent retaliation.  The EEO Monitor will ensure and/or confirm that the records to be maintained include:

      **A.**      Non-privileged documents generated in connection with any complaint of sex-based discrimination, harassment, and/or related retaliation, including documents relating to all investigations or resolutions of any

complaints and the identities of all witnesses identified by the
complainant and/or through Defendants' investigation;

**B.** Documents verifying the occurrence of all training and follow-up
sessions, the information sheets to trainees, and names and positions of
all attendees for each session as required under this Decree;

**C.** Documents generated in connection with the overseeing, counseling,
and disciplining of employees whom Defendants determine to have
engaged in discriminatory conduct in violation of the workplace
policies and procedures as they relate to sex-based discrimination,
harassment, and/or related retaliation;

**D.** Documents generated in connection with the development of a system
to hold  regional managers, store managers, and assistant store
managers  accountable for not reporting complaints of sex-based
discrimination, harassment, and/or related retaliation, and also for
rewarding those managers who did report correctly as part of its
reporting process;

**E.** All communications with the EEO Monitor, the Claims Administrator,
and the EEOC;

**F.** Non-privileged documents generated in connection with the audits
conducted by the EEO Monitor under this Decree;

**G.** All training evaluation surveys collected under this Decree; and

**H.** Non-privileged documents related to Defendants' compliance with this
Decree.

Defendants shall make the aforementioned records available to the EEOC
within fifteen (15) calendar days following a written request by the EEOC.

In the event that the EEO Monitor raises concerns about potential non-
compliance with this Decree, the EEOC may request documents or information,
including interviews of witnesses, that the EEOC determines is necessary to

conduct an inquiry into the specific compliance issue.  Defendants agree to make the requested information or documents available to the EEO Monitor and the EEOC.  Defendants shall cooperate with the EEO Monitor to ensure access to information to carry out their duties under this Decree.

**J.**    **Reporting to the EEOC**

      **1.**    **Initial Report**

Within one-hundred and eighty (180) calendar days after the Effective Date Defendants shall submit to the EEOC an initial report containing:

     a.    The name, contact information, and qualifications of the proposed EEO Monitor under this Decree;

     b.    The name and contact information of the specific professional individual or organization that Defendants propose to serve as the Claims Administrator and the proposed contract, for the EEOC's review and comment;

     c.    Verification that List of Potential Claimants were submitted to the Claims Administrator; a statement detailing Defendants' compliance with this Decree regarding Claimant Specific Injunctive Relief;

     d.    A summary of any forthcoming modifications to the Workplace Policies and Procedures, including the Internal Complaint Investigation Procedure;

     e.    A summary of the procedures and recordkeeping methods in place and/or as modified with the EEO Monitor for centralized tracking of sex-based discrimination, harassment, and/or related retaliation complaints and the evaluation of such complaints;

     f.    Written verification of the funding of the Settlement Fund;

g.     An update on Defendants' progress toward developing a system to hold regional managers, store managers, and assistant store managers accountable for not complying with EEO policies;

h.     The written notice provided to employees informing them of the Hotline;

i.     A statement attesting that all employees have been notified of the Toll-Free Hotline;

j.     A statement confirming that Defendants have posted the Notice of Settlement as required under this Decree; and

k.     A current copy of all Defendants' policies and procedures as required under this Decree.

**2.    Second Report**

Within twenty (20) months after the Effective Date of this Decree, Defendants shall provide subsequent reports containing:

a.     The attendance lists of all attendees for the training sessions required under this Decree that took place since the prior report;

b.     Confirmation that Defendants have distributed Workplace Policies and Procedures to all employees under this Decree;

c.     Confirmation of the occurrence of all training sessions under this Decree and a copy of the training materials used;

d.     Confirmation that the Hotline has been communicated to all employees under this Decree;

e.     A copy of the Complaint Log;

f.     Results of the Climate Surveys;

g.     Confirmation as to whether any relevant revisions of Defendants' Workplace Policies and Procedures took place

1   since the preceding report, including a current working copy of
2   all policies and procedures as required under this Decree;
3   h.   Confirmation of Defendants' compliance with the terms of this
4   Decree; and
5   i.   Confirmation that the interactive follow-up training sessions for
6   hourly non-supervisory employees were completed or being
7   conducted under this Decree, including the dissemination of the
8   information sheet.
9   These reports shall also include a statement from the EEO Monitor regarding
10  the accuracy of Defendants' report to the EEOC, describes all work performed
11  pursuant to this Decree, and provides the EEO Monitor's feedback and
12  recommendations, if any, going forward. The statement shall include the EEO
13  Monitor's evaluation and recommendations following the audits and climate
14  surveys; the trainings sessions under this Decree; and review of Defendants'
15  implementation of the Internal Complaint Investigation Procedure and Complaint
16  Log under this Decree. Most importantly, the EEO Monitor's statement shall
17  provide feedback regarding Defendants' good faith efforts to comply with this
18  Decree and all applicable laws regarding sex-based discrimination, harassment,
19  and/or related retaliation, and cover all the EEO Monitor's responsibilities, as
20  detailed in this Decree.
21   **3.   Exit Report**
22  Within at least ninety (90) calendar days prior to the expiration of this
23  Decree, Defendants shall report to the EEOC regarding their compliance with this
24  Decree.
25  Separately, the EEO Monitor shall report to the EEOC at least ninety (90)
26  calendar days prior to the expiration of this Decree covering all the EEO Monitor's
27  duties, as detailed in this Decree and providing feedback regarding Defendants'
28  compliance with this Decree and laws regarding sex-based discrimination,

harassment, and/or related retaliation, and whether Defendants have responded appropriately to sex-based discrimination, harassment, and/or related retaliation complaints.  The EEO Monitor shall make recommendations, where appropriate, for extension of the term of this Decree.  All reports under this Section shall be directed:  U.S. Equal Employment Opportunity Commission, Attn. Regional Attorney Anna Y. Park, at anna.park@eeoc.gov and lado.legal@eeoc.gov.

## XIII.  COSTS OF ADMINISTRATION AND IMPLEMENTATION OF DECREE

Defendants shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## XIV.  COSTS AND ATTORNEYS' FEES

Each of the Parties shall bear its own costs and attorneys' fees.

## XV.  MISCELLANEOUS PROVISIONS

Unless otherwise stated, all notices, reports, and correspondence required under this Decree to be delivered to the EEOC shall be delivered electronically to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, at lado.legal@eeoc.gov and anna.park@eeoc.gov. Defendants shall maintain copies of all such notices, reports, and correspondence for at least the duration of this Decree.

During the duration of this Decree, Defendants shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) calendar days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendants' facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

1   During the duration of this Decree, Defendants shall assure that each of its
2   directors, officers, human resources personnel, General Managers, and Area
3   Supervisors are aware of any term(s) of this Decree which may be related to his/her
4   job duties and/or obligations.

5

6   **XVI.  <u>SIGNATURES</u>**

7   This Decree may be executed in several counterparts, each of which shall be
8   deemed an original, but all of which shall constitute one and the same instrument.
9   All of such counterpart signature pages shall be read as though one, and they shall
10  have the same force and effect as though all the signers had signed a single
11  signature page.  Electronically transmitted executed copies of this Decree shall be
12  fully binding and effective for all purposes whether or not originally executed
13  documents are transmitted to the other party.  Fax signatures on documents are to
14  be treated the same as original signatures.

15  All Parties, through the undersigned, respectfully apply for and consent to the
16  entry of this Consent Decree Order.

17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: December 5 , 2022

Anna Y. Park

Regional Attorney
Attorney for Plaintiff EEOC

LAPOINTE LAW

Dated: November 30, 2022

Martin K. LaPointe

Attorney for Defendants
AMTCR, Inc., AMTCR Nevada, Inc., and
AMTCR California, LLC

Dated: November 30, 2022

Abe Martinez, III

President and Chief Executive Officer
AMTCR, Inc., AMTCR Nevada, Inc., and
AMTCR California, LLC

-42-                           CONSENT DECREE

1
2          **[PROPOSED] ORDER**
3          The provisions of the foregoing Consent Decree are hereby approved and
4   compliance with all provisions thereof is HEREBY ORDERED.  The Court hereby
5   retains jurisdiction over this Consent Decree until its expiration or as determined by
6   this Court.
7
8          IT IS SO ORDERED.
9
10  Date: _____        _____
11                                      The Honorable Jennifer A. Dorsey
                                        United States District Court Judge
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

According to Defendants, there are currently eighteen (18) stores in operation and three (3)  recently closed stores, as reflected below. For purposes of Monetary Relief and Claims Administration contained in Section IX of this Decree, the scope includes the twenty-one (21) stores listed below.  For purposes of Injunctive Relief contained in Sections X and XI of this Decree, the scope is company-wide and includes all of Defendants' Nevada, California, and Arizona stores in operation at any time during the duration of this Decree and the eighteen (18) stores currently in operation listed below.

## California Stores

1. McDonalds 2034
   345 N. Imperial Ave
   Imperial, CA 92243

2. McDonalds 5177
   105 W. Main St
   Brawley, CA 92227

3. McDonalds 12653
   1990 S. 4th St
   El Centro, CA 92243

4. McDonalds 3112
   191 S. Lovekin Blvd.
   Blythe, CA 92225

5. McDonalds 5924
   1201 Third St
   Needles, CA 92363

## Nevada Stores

6.  McDonalds 7790
    1237 Boulder City Prkwy
    Boulder City, NV 89005

7.  McDonalds 25740
    670 US 95 South
    Searchlight, NV 89046

8.  McDonalds 35508
    1900 S. Casino Dr
    Laughlin, NV 89029

## Arizona Stores

9.  McDonalds 2967
    3264 Andy Devine Ave
    Kingman, AZ 86401

10. McDonalds 5526
    100 Swanson Ave
    Lake Havasu City, AZ 86403

11. McDonalds 10459
    1241 W. Main St
    Quartzsite, AZ 85346

12. McDonalds 12179
    990 Riverside Dr
    Parker, AZ 85344

13. McDonalds 16225
    4754 S. Hwy 95
    Fort Mohave, AZ 86426

Exhibit A, McDonald's Stores

14. McDonalds 24347
    2250 Hwy 95
    Bullhead City, AZ 86442

15. McDonalds 32685
    6501 Showplace Ave
    Lake Havasu City, AZ 86403

16. McDonalds 31782
    600 Hwy 95
    Bullhead City, AZ 86442

17. McDonalds 33234
    3431 Stockton Hill Rd.
    Kingman, AZ 86409

18. McDonalds 32787
    12500 Brannigan Park Rd
    Bellmont, AZ 86015

## Stores Currently Not in Operation

19. McDonalds 31129
    2840 Hwy 95
    Bullhead City, AZ 86442

20. McDonalds 30877
    3396 Stockton Hill Rd
    Kingman, AZ 86409

21. McDonalds 30881
    2150 N. Waterman Ave
    El Centro CA, 92243

Exhibit A, McDonald's Stores



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA  90012
(213) 894-1000
TTY   (213) 894-1121
FAX   (213) 894-1118

## <u>NOTICE OF SETTLEMENT AND CONSENT DECREE</u>

TO:         ALL EMPLOYEES

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the District of Nevada against AMTCR, Inc., AMTCR Nevada, Inc., and AMTCR California, LLC dba McDonald's (the "AMTCR Companies"); Case Number 2:21-cv-01808-JAD (NJK). The EEOC filed this lawsuit alleging that the AMTCR Companies allowed employees to be subjected to sexually hostile work environment where some were forced to quit. The AMTCR Companies settled the case by entering into a "Consent Decree" with EEOC and paying monetary relief to victims identified by the EEOC.  In the Consent Decree, the AMTCR Companies agreed to various types of injunctive remedies including ensuring that policies and procedures against sexual harassment are adequate under federal law; hiring an outside monitor to oversee compliance with the law; training employees and supervisors on how to stop and prevent sexual harassment; creating a centralized system of tracking complaints; and providing EEOC with periodic reporting regarding the injunctive remedies.

Under the Consent Decree, employees are being given notice that any violations of the AMTCR Companies' policies against harassment and discrimination will be thoroughly investigated. Individuals found to have violated that policy will be subject to discipline up to and including termination of employment.  All employees will undergo training to correct and prevent unlawful harassment and discrimination towards employees.

Federal law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin, with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment. Federal law also prohibits retaliation for those who oppose or resist harassment or discrimination, or participate in investigations regarding complaints of discrimination.

The AMTCR Companies are committed to complying with federal anti-discrimination laws in all respects. Sex harassment or discrimination will not be tolerated. Any employee who files a complaint or formal charge of discrimination, gives testimony or assistance, or participates in any manner in any investigation will be protected from retaliation.

If you believe that you experienced inappropriate conduct of a sexual nature while working for the AMTCR Companies, you may submit a Claim Form to determine your eligibility for receiving monetary relief. You will receive additional information and a Claim Form to complete and return in the near future. If you require additional information or were discriminated against because of your sex, national origin, age, race, color, religion, or disability, you may  seek assistance from:

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
255 East Temple Street, 4th Floor
Los Angeles, CA  90012
TELEPHONE NUMBER: (213) 785-3095, Option 1
EMAIL: AMTCRCLAIMANTS@eeoc.gov

Exhibit B